UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STANLEY PHILLIP HOZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-131 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER TO TRANSFER

The petitioner, Stanley Hoza, is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Hoza filed this action seeking a federal writ of habeas corpus to challenge a 1995 conviction of aggravated sexual assault of a child in the 183rd District Court of Harris County, Texas. After reviewing the petition and the applicable law, the Court concludes that his case must be transferred for the reasons stated below.

Because the petitioner is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is governed by 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such

district courts shall have concurrent jurisdiction to entertain this application.

The Fifth Circuit has clarified that under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of *only* two places: (1) in the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Although the statute speaks only to districts, the Fifth Circuit has extended the rule found in § 2241(d) to divisions within the same district as well. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction where witnesses were located was a more appropriate venue than the division of confinement in challenge to the conviction).

A district court for the district in which an application for habeas corpus relief has been filed may, in the exercise of it discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). This Court concludes that justice would be better served if this case were transferred to the Houston Division of the Southern District of Texas, where the state court in which the petitioner was convicted and sentenced is located. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir), cert. denied *sub nom.*; *Bell v. Thigpen*, 464 U.S. 843 (1983); *see also* Southern District of Texas, General Order of May 30, 1985 ("If, after review of the application, the convicting court is

found to be outside this district, this Court will transfer the application for writ of habeas corpus to the District where the applicant was convicted.").

Accordingly, this case is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Houston Division.

It is so ORDERED.

SIGNED this 21st day of April, 2014.

_____
Gregg Costa
United States District Judge